# EXHIBIT I

Contract

EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT is executed this 9th day of September, 2010, by and between APL Access & Security, Inc. (hereinafter referred to as "Employer" or "Company") and Jose Danny Cortez (hereinafter sometimes referred to as "Employee").

RECITALS

WHEREAS, Employer is principally engaged in the business of supplying, installing and maintaining security-related systems, closed circuit television systems, card-access security systems and key-lock devices, principally for customers located in Arizona as well as throughout the U.S.A. and such other areas where the Employer's business may expand from time to time; AND

WHEREAS, Employee is to be employed by Employer as one of its Field Technician employees; AND

WHEREAS, Employee and Employer desire to enter into an employment contract memorializing the parties' agreements in connection with Employee's employment.

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. <u>Employment</u>. Subject to the terms of this Agreement, Employer agrees to employ Employee and Employee agrees to serve as one of Employer's Field Technician Employee. Sales are not on a commission basis.

2. <u>Job Duties</u>. Employee agrees to *faithfully discharge Employee's duties, on a full-time basis, which* duties, work assignment, location and work hours shall be specified by the Employer from time-to-time. Employee agrees to strictly adhere to the policies, practices and directives as promulgated from time to time by Employer including, without limitation, any written operations or policy manuals as amended from time to time. In the event of any conflict between Employer's written policies, the terms of this agreement shall control.

3. <u>Reporting</u>. At all times, Employee shall report and be responsible to the Company's General Manager or such other person(s) appointed or designated by Company's senior management.

Page 1 of 8     Employers Initials ⧸⧸0. Employees Initials J.D.C
APL Access & Security, Inc.

APL-9

4. <u>Discharge/Resignation – Employment At Will</u>. The parties agree the employment relationship created hereunder will continue for an indefinite period of time; however, Employer reserves the right to discharge (fire) Employee for any reason or no reason at Employer's sole discretion, with or without prior notice. Likewise, Employee may resign (quit) for any reason or no reason at Employee's sole discretion, with or without prior notice.

5. <u>Employee's Obligation to Reimburse Employer for Training Fees, Costs, Expenses and Disbursements</u>. In the event Employer shall arrange for training for Employee at Employer's cost, a separate written agreement shall be entered into between Employee and Employer specifying the terms and conditions under which such training shall be provided. Without limiting the generality of the foregoing, the separate written agreement shall specify when, and under what circumstances, Employee shall be obligated to reimburse Employer for specified training costs and expenses. The terms and conditions of this separate written agreement shall control as to such issues.

6. <u>Compliance with Laws, Rules and Regulations</u>. At all times and under all circumstances, Employee shall discharge his/her duties in full compliance with all laws, rules, regulations, ordinances or other legal requirements governing, limiting and/or affecting the manner in which such duties are discharged. Without limiting the foregoing, Employee shall, if called upon to operate a vehicle during the course or scope of Employee's employment, operate such vehicle in a lawful and prudent fashion, with a lawful driver's license and without impairment which would adversely affect the safe and prudent operation of the vehicle.

7. <u>Confidentiality</u>. For all periods of time both during and after Employee's employment may have ended as a result of resignation, termination (discharge) or otherwise, Employee shall keep, in the strictest of confidence, all data, documents, materials, manuals, work papers and/or other information relating or regarding the Employer's business and the business or operations of any customer. Without limiting the generality of the foregoing, the parties agree that the following categories of items shall be deemed confidential. As such, Employee agrees that he/she shall not take or retain any of the following items from the Employer's business premises, make copies, extracts or summaries of such items and/or otherwise communicate the contents of such items to any person, firm or entity except as may be expressly authorized, in writing, by Employer prior to any such disclosure. The items deemed confidential shall include:

Page 2 of 8     Employers Initials _GO._ Employees Initials _LOC_
APL Access & Security, Inc.

APL-10

a. The name, address and/or telephone number of any client, customer, prospective client and/or prospective customer including, without limitation, any client list, customer list, contact list, "key-person" listing, etc.;

b. Any item which contains information pertaining to the financial performance of Employer, any of Employer's offices and any other employees of Employer including such items as, for example, finance/accounting reports, spreadsheets, financial statements, income tax returns and schedules;

c. Any item which contains a description of any project, business plan, training manual, operations manual, marketing plan and/or any proposal which Employer may contemplate or plan to submit to any customer or prospective customer;

d. Payroll information or data, policy/procedure manuals and any other information, by its nature, shall be reasonably deemed confidential and/or proprietary;

e. Any computerized data base, computer program (software) and passwords; and

f. Any information, data, passcodes, passwords, access codes and the like relating to any current or past customer or client of the Company.

THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY AT ALL TIMES, BOTH DURING THE TERM OF THE EMPLOYEE'S EMPLOYMENT BY EMPLOYER AND FOR ALL PERIODS OF TIME AFTER THE EMPLOYMENT RELATIONSHIP MAY HAVE ENDED, IRRESPECTIVE AS TO WHETHER THE EMPLOYMENT RELATIONSHIP ENDED AS A RESULT OF DISCHARGE, RESIGNATION OR OTHERWISE.

8. Non-Solicitation of Customers and/or Prospective Customers. During the time Employee is employed by Employer and for five (5) years immediately following termination of Employee's employment by Employer (whether by resignation, firing or otherwise), Employee covenants and agrees not to contact (or assist any other person, firm or entity in contacting) any of Employer's customers and/or prospective customers for purposes of soliciting and/or diverting such customer's business from Employer to themselves or to any other person, firm or entity. By way of example only and not by limitation, the following types of activities are prohibited by the terms if this paragraph:

a. Directly or indirectly contacting Employer's customers for purposes of soliciting his/her/its business;

Page 3 of 8        Employers Initials _60._ Employees Initials _J.O.C_
APL Access & Security, Inc.

APL-11

b. Directly or indirectly contacting Employer's customers for purposes of announcing Employee's relocation to a new employer;

c. Directly or indirectly contacting Employer's customers for purposes of informing, advising, educating and/or advertising products or services competitive with Employer's products or services; and

d. Assisting any other person, firm or entity in engaging in any of the activities prohibited by the terms of Paragraph 6 of this Agreement.

It is the intention of the parties that the restrictive covenant ought to be enforceable as written and/or as to the maximum length permitted by a court of competent jurisdiction. Therefore, should a court of competent jurisdiction determine that a five (5) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of four (4) years. Should a court of competent jurisdiction determine that a four (4) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of three (3) years. Should a court of competent jurisdiction determine that a three (3) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of two (2) years. Should a court of competent jurisdiction determine that a two (2) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of eighteen (18) months. Should, however, a court of competent jurisdiction determine that an eighteen (18) month period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of twelve (12) months. Should, however, a court of competent jurisdiction determine that a twelve (12) month period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of six (6) months. Should, however, a court of competent jurisdiction determine that a six (6) month period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of three (3) months.

THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY DURING THE TERM OF THE EMPLOYEE'S EMPLOYMENT BY EMPLOYER AND FOR THE PERIOD OF TIME SPECIFIED ABOVE IMMEDIATELY FOLLOWING THE DATE THE EMPLOYMENT RELATIONSHIP MAY HAVE ENDED, IRRESPECTIVE AS TO WHETHER THE

Page 4 of 8       Employers Initials _EO._ Employees Initials _J.D.C_
APL Access & Security, Inc.

APL-12

EMPLOYMENT RELATIONSHIP ENDED AS A RESULT OF DISCHARGE, RESIGNATION OR OTHERWISE.

9. <u>Non-Solicitation of Employees</u>. During the time Employee is employed by Employer and for five (5) years immediately following termination of Employee's employment by Employer (whether by resignation, firing or otherwise), Employee covenants and agrees not to contact (or assist any other person, firm or entity in contacting) any of Employer's other employees for purpose of inducing, suggesting, offering or otherwise soliciting such other employees or agents to terminate their employment or business relationship with Employer and to commence a new employment or business relationship. By way of example only and not by limitation, the following types of activities are prohibited by the terms if this paragraph:

   a. Directly or indirectly contacting Employer's other employees in any effort to induce, suggest, offer or solicit such other employees or sales agents to terminate their employment relationship with Employer and/or to commence a new employment or business relationship;

   b. Directly or indirectly contacting Employer's other employees for purposes of announcing, advising, educating and/or advertising any employment-related or business-related opportunities to Employer's other employees or sales agents; and

   c. Assisting any other person, firm or entity in engaging in any of the activities prohibited by the terms of paragraph 10 of this Agreement.

It is the intention of the parties that the restrictive covenant ought to be enforceable as written and/or as to the maximum length permitted by a court of competent jurisdiction. Therefore, should a court of competent jurisdiction determine that a five (5) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of four (4) years. Should a court of competent jurisdiction determine that a four (4) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of three (3) years. Should a court of competent jurisdiction determine that a three (3) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period of two (2) years. Should a court of competent jurisdiction determine that a two (2) year period is unreasonably long and the provision, as written, would therefore be unenforceable, the restrictive period shall then be for a period

Page 5 of 8        Employers Initials _EO._ Employees Initials _J.D.C_
APL Access & Security, Inc.

APL-13

of eighteen (18) months. Should, however, a court of competent
jurisdiction determine that an eighteen (18) month period is
unreasonably long and the provision, as written, would therefore
be unenforceable, the restrictive period shall then be for a
period of twelve (12) months. Should, however, a court of
competent jurisdiction determine that a twelve (12) month period
is unreasonably long and the provision, as written, would
therefore be unenforceable, the restrictive period shall then be
for a period of six (6) months. Should, however, a court of
competent jurisdiction determine that a six (6) month period is
unreasonably long and the provision, as written, would therefore
be unenforceable, the restrictive period shall then be for a
period of three (3) months.

THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY DURING THE TERM OF
THE EMPLOYEE'S EMPLOYMENT BY EMPLOYER AND FOR THE PERIOD OF TIME
SPECIFIED ABOVE IMMEDIATELY FOLLOWING THE DATE THE EMPLOYMENT
RELATIONSHIP MAY HAVE ENDED, IRRESPECTIVE AS TO WHETHER THE
EMPLOYMENT RELATIONSHIP ENDED AS A RESULT OF DISCHARGE,
RESIGNATION OR OTHERWISE.

10. Non Competition Covenant. During the time Employee is
employed by Employer and for six (6) months immediately following
termination of Employee's employment by Employer (whether by
resignation, firing or otherwise), Employee covenants and agrees
that he/she shall not, in any fashion, compete with Employer
whether as an owner, shareholder, or partner, in any business,
firm or entity which, directly or indirectly, is in competition
with Employer at any location within a forty (40) mile radius of
any office maintained by Employer.

Without limiting the generality and applicability of the
foregoing after the employment relationship has ended, this
provision prohibits and restricts Employee from performing any
"side jobs" or "moonlighting" as to any work or services which
are ordinarily offered by Employer to its customers during the
time Employee is employed by Employer.

It is the intention of the parties that the restrictive
covenant ought to be enforceable as written and/or as to the
maximum length permitted by a court of competent jurisdiction.
Therefore, should a court of competent jurisdiction determine
that a six (6) month period is unreasonably long and the
provision, as written, would therefore be unenforceable, the
restrictive period shall then be for a period of four (4) months.
Should a court of competent jurisdiction determine that a four
(4) month period is unreasonably long and the provision, as
written, would therefore be unenforceable, the restrictive period
shall then be for a period of three (3) months.

Page 6 of 8        Employers Initials _C.O._  Employees Initials _J.D.C_
APL Access & Security, Inc.

APL-14

THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY DURING THE TERM OF THE EMPLOYEE'S EMPLOYMENT BY EMPLOYER AND FOR THE PERIOD OF TIME SPECIFIED ABOVE IMMEDIATELY FOLLOWING THE DATE THE EMPLOYMENT RELATIONSHIP MAY HAVE ENDED, IRRESPECTIVE AS TO WHETHER THE EMPLOYMENT RELATIONSHIP ENDED AS A RESULT OF DISCHARGE, RESIGNATION OR OTHERWISE.

11. Return of Company Property. Immediately following termination of Employee's employment by Employer (whether by resignation, firing or otherwise), Employee shall return all property belonging to Employer including, without limitation, any manuals, cell phones, vehicles, computers, laptops, equipment, keys, codes, access cards, uniforms, business cards, company identification cards, charge/credit cards and any Company papers, invoices, job orders and the like.

12. Prior Agreements. This Agreement supersedes all prior or contemporaneous agreements of the parties with respect to any matter which is the subject of this Agreement.

13. Partial Invalidity. To the extent a court of competent jurisdiction should declare that a portion of this Agreement is invalid or unenforceable, such declaration shall not affect the enforceability of any of Employee's other covenants and agreements as set forth herein.

14. Choice of Law. Arizona law shall apply and govern the interpretation and enforcement of this Agreement.

15. Attorney's Fees. In the event that either party shall initiate a lawsuit and/or arbitration for the enforcement of this Agreement, then, in that event, the court and/or arbitrator, in addition to any other relief sought, shall award the prevailing party their/its reasonable attorney's fees.

16. Heirs and Assigns. This Agreement shall be binding upon each of the parties' heirs and assigns.

17. Background Checks and Motor Vehicle Reports. Employee hereby consents that Employer may, at Employer's discretion, perform a background check and obtain your motor vehicle record report.

18. Reports. Employee shall promptly, accurately and completely report and disclose to Employer, in such manner as Employer may specify, all incidents, events and occurrences in connection with Employee's duties rendered on behalf of Employer.

19. Deductions from Compensation. Employer may deduct from Employee's compensation, in addition to taxes and other required

Page 7 of 8       Employers Initials _EO_ Employees Initials _J.D.C_
APL Access & Security, Inc.

APL-15

deductions, such sums as may be authorized in writing by the Employee from time to time. Also, in the event Employee shall have damaged and/or failed to return any Company property and/or caused other injury or damage to the Company of any nature or kind whatsoever, Employer may deduct such sums from Employee's compensation to reasonably compensate Employer for such loss(es).

20. Default. In the event that Employee shall fail to comply with the provisions of this Agreement, Employer shall have all rights at law or in equity to enforce the terms of this Agreement including, where appropriate, the imposition of an injunction prohibiting any further or additional breaches of this Agreement, including violations of the provisions appearing in paragraphs 8, 9, 10 and 11 above. In the event of default and an injunction is sought, Employee agrees that Employer shall be entitled to an injunction without any requirement of proving the inadequacy of a remedy at law and, to the extent the court shall require the posting of a bond, such bond shall be in a nominal amount.

IN WITNESS WHEREOF, the parties have executed this Employment Agreement on the date first mentioned above.

"Employer"                                "Employee"

APL Access & Security, Inc.               Jose Danny Cortez

By: _____             _____

Page 8 of 8     Employers Initials _____ Employees Initials _____
APL Access & Security, Inc.

APL-16